IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RAUL MARTINEZ DELUNA, #56833-180, | § | |
| | § | |
| V. | § | A-12-CV-816-LY-AWA |
| | § | |
| MIKE PEARCE | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court is Petitioner Raul Martinez Deluna's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. No. 1); Respondent Mike Pearce's Response to Petition (Dkt. No. 5); Petitioner's Reply (Dkt. No. 7); and Petitioner's Supplemental Reply (Dkt. No. 8). The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.  BACKGROUND**

Petitioner Raul Martinez Deluna ("Deluna"), Reg. No. 56833-180, is a federal prisoner incarcerated in the Bureau of Prisons ("BOP") at FCI-Bastrop pursuant to a judgment and sentence in Criminal Case No. 6:06-CR-00023 in the United States District Court for the Western District of Texas. Deluna was originally arrested on September 6, 2005, in College Station, Texas, for possession of cocaine, but was released on bond on October 26, 2005. *See* Dkt. No. 5 at 2. Federal authorities pursued Deluna's case and indicted him on February 14, 2006, with the following charges: (1) one count of possession with intent to distribute at least five grams of "crack" cocaine

in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); (2) one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (3) possession of a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). *See* Judgment in a Criminal Case, *United States v. Deluna*, No. 6:06-CR-00023 (W.D. Tex. Feb. 14, 2006), ECF No. 27 at 1 [hereinafter Deluna Judgment]. Thereafter, while still out on bond, Deluna was arrested again by local authorities for burglary charges on May 2, 2006, and during the time he was in custody, attempted to escape. *See* Declaration of J.R. Johnson, ¶ 6 [hereinafter Johnson Decl.]. On August 7, 2006, Deluna was temporarily released to federal authorities pursuant to a federal writ of hasbeas corpus *ad prosequendum*. *Id.*, ¶ 7. Deluna is currently serving time after he pled guilty to all three counts of his federal indictment. Deluna was sentenced on January 24, 2007, to a total of 168 months of imprisonment for his offenses. Deluna Judgment at 2. The judgment in Deluna's federal criminal case did not specify whether his federal sentence was to be served consecutively to, or concurrently with, any state sentence. *Id.*

Meanwhile, Deluna still had state charges pending against him. He was returned to state authorities on March 6, 2007, and was sentenced to six years confinement on April 13, 2007, by the 361st District Court of Brazos County in Bryan, Texas, for possession of marijuana. Johnson Decl., ¶¶ 8–9. On October 4, 2007, Deluna was paroled by the Texas Department of Criminal Justice and turned over to federal authorities to begin service of his federal sentence. *Id.*, ¶ 10.

## II. ANALYSIS

In the instant petition, Deluna seeks credit against his federal sentence for the time he served from May 2, 2006, until October 4, 2007. Dkt. No. 1 at 4. He argues that the BOP has failed to award him credit on his federal sentence for time served after Judge Walter Smith ordered his

sentence to begin. *Id.* at 1. Deluna asserts several arguments in support of his claim. First, Deluna relies on the Fifth Circuit's holding in *Spence v. United States*, 452 F.2d 1198 (5th Cir. 1971), in contending that because he was unable to post state bond solely because of a federal detainer when serving concurrent federal and state sentences, he is entitled to credit on his federal sentence. Dkt. No. 1 at 1–2. Additionally, Deluna asserts that he is entitled to federal credit from May 2, 2006, until October 4, 2007, because his state and federal sentences were to run concurrently. *Id.* at 2–3; *see also* Dkt. No. 8 at 1. Deluna cites Judge Smith's pronouncement that Deluna remain "in custody" during sentencing to support his contention. Dkt. No. 1 at 2–3. He further argues that the state court judgment specifically notes that the state sentence is to run concurrently with his federal court sentence. Dkt. No. 8. In response, the government submits that Deluna is not entitled to credit against his federal sentence for his time served between May 2, 2006, and October 4, 2007, because that time has already been credited to his state sentence. Dkt. No. 5.

    **A.**    **Whether Deluna's state and federal sentences run concurrently or consecutively**

After considering Deluna's arguments as well as reviewing the record, the Court finds his contentions lack merit. As a general matter, the BOP has exclusive authority to compute a federal offender's sentence and "determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) (internal citations omitted); *see also United States v. Wilson*, 503 U.S. 329, 334–35 (1992). However, the sentencing federal court retains the discretion to order the offender's term of imprisonment to run concurrently with or consecutively to an anticipated but "yet-to-be-imposed state sentence." *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000); *see also Hunter v. Tamez*, 622 F.3d 427, 431 n.3 (5th Cir. 2010). When the federal judgment is silent

regarding multiple sentences imposed at different times, the presumption is that the sentences will run consecutively. *See* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); *Free v. Miles*, 333 F.3d 550, 553 (per curiam). For sentences imposed at different times to run concurrently, "[a] district court must *specify* in its sentencing order that sentences run concurrently; otherwise, they run consecutively." *Free*, 333 F.3d at 553 (emphasis added).

In this case, Deluna's federal judgment fails to specify whether his federal sentence is to run concurrently with any subsequent state sentence. Even Deluna admits that Judge Smith did not rule on whether Deluna's federal sentence was to run concurrently with a future state sentence. Dkt. No. 1, ¶ 7. The fact that Judge Smith ordered that Deluna remain "in custody" does not, as Deluna suggests, equate to a ruling that his federal sentence was to run concurrently with future state sentences.[1] This conclusion is further supported by Judge Smith's response to the BOP's request for clarification on Deluna's *nunc pro tunc* request in which Judge Smith stated that Deluna's "federal sentence should begin after his state sentence is completed." Dkt. No. 5, Johnson Decl., Attachment 11. Because Deluna's federal judgment fails to indicate clearly that his federal sentence is to run

---

[1] Deluna contends that Judge Smith's statement that Deluna remain "in custody" was unequivocal. Dkt. No. 1 ¶ 7. Deluna then points to a Tenth Circuit case to argue that he is entitled to credit against his federal sentence for this reason. However, the case upon which he relies, *Brown v. Perrill*, 28 F.3d 1073 (10th Cir. 1994), was decided based on the previous statute concerning the calculation of a term of imprisonment, 18 U.S.C. § 3568, which applies only to offenses committed prior to November 1, 1987. *United States v. Mares*, 868 F.2d 151, 152 (5th Cir. 1989). Yet it is clear that Deluna did not commit his offenses prior to November 1, 1987. *See* Johnson Decl. ¶ 5–6; Dkt. No. 1, Exh. B. Offenses committed after November 1, 1987, are governed by 18 U.S.C. § 3585. *Pinedo v. United States*, 955 F.2d 12, 13 (5th Cir. 1992) (per curiam). Furthermore, "whereas § 3568 permitted credit only for time spent 'in custody' related to the offense, [§ 3585] permits credit only for time spent in 'official detention' related to the offense." *Id.* Consequently, the Court finds Deluna's reliance on the analysis in *Brown* to be misplaced.

concurrently with a subsequent state sentence, the Court finds that Deluna's federal and state sentences run consecutively rather than concurrently. *Free*, 333 F.3d at 553 ("Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively *unless* the district court specifically orders that they run concurrently.") (emphasis in original).

Additionally, Deluna's reliance upon the state court's judgment and conviction is unconvincing. While it is true that Deluna's state court judgment does note that "[t]his sentence shall run concurrently," Dkt. No. 8 at 5, a state trial court's determination that an offender will serve his state sentence concurrently with a federal sentence does not bind the BOP. *Leal*, 341 F.3d at 429 n.13. "[C]oncurrent sentences imposed by state judges are nothing more than recommendations to federal officials." *Id.* (quoting *Taylor v. Sawyer*, 284 F.3d 1143, 1150 (9th Cir. 2002) (internal citations omitted)). Thus, contrary to Deluna's contention, the fact that the state trial court in his case determined that his state sentence was to run concurrently with his federal sentence is not conclusive on the matter.[2] Rather, as explained above, because the federal judgment fails to specify

---

[2] In his Supplemental Reply, Deluna appears to argue that this Court must honor the decision of the state trial court that Deluna's state sentence should be served concurrently with his federal sentence, citing the *Rooker-Feldman* doctrine. Dkt. No. 8. However, the doctrine provides a limited exception which allows lower federal courts "to examine state judicial proceedings pursuant to habeas corpus review of certain custodial situations, [such as review under] § 2241." *Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir. 1996); *see also Matter of Reitnauer*, 152 F.3d 341, 343 n.8 (5th Cir. 1998) (recognizing the limited exception to the *Rooker-Feldman* doctrine for habeas petitions). Furthermore, the *Rooker-Feldman* doctrine is inapplicable to Deluna's case. The Supreme Court has recently stressed that the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries *caused by state-court judgments* rendered before the district court proceedings commenced . . . ." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (emphasis added). Here, Deluna is not arguing that the state-court judgment caused his injuries. Rather, Deluna asserts that his injury results from the BOP's failure to grant him credit against his federal sentence for time he spent in state custody. Consequently, the Court finds Deluna's citation and reliance on the *Rooker-Feldman* doctrine to be unpersuasive.

that Deluna's state and federal sentences were to run concurrently, his sentences are to run consecutively.

B.   **Reliance on *Spence v. United States***

Because the Court has determined that Deluna's state and federal sentences run consecutively rather than concurrently, the Court also finds his citation to *Spence* to be in error. More specifically, Deluna relies on a portion of the *Spence* opinion which references the exception declared in *Willis v. United States*, 486 F.2d 923 (5th Cir. 1971). In *Willis*, the Fifth Circuit considered how to determine pre-sentence custody credit where unrelated state and federal sentences were ordered by the State to run concurrently, and the defendant sought federal credit for time spent in state custody before he was transferred to federal prison. *See id.* at 925. In *Willis*, the defendant was arrested on a federal charge first and, while out on bail, was arrested on an unrelated state charge and taken into state custody. *Id.* He remained in state custody through, first, his federal sentencing and, then, his state sentencing. *Id.* His state sentence was ordered to run concurrently with his federal sentence. *Id.* He remained in state custody for approximately three weeks after his state sentence was imposed, and then was transferred to federal custody to finish both sentences. *Id.* He sought federal credit for all of the time he spent in state custody. *Id.* The Fifth Circuit decided that the defendant was not entitled to federal credit for the time actually spent serving his unrelated state sentence after his state sentence was imposed, but remanded for an evidentiary hearing for the district court to determine whether he was entitled to credit for any other pre-federal-custody time. The court's concern was that the defendant initially spent time in state custody subject to a federal detainer, and he should get federal credit for that time. The court did not actually decide whether the defendant was entitled to more federal credit. However, in order for the *Willis* exception to apply, the petitioner must be

6

"serving *concurrent* federal and state terms with a state full-term date that is equal to or less than the federal full-term date." *Edison v. Berkebile*, 349 Fed.Appx. 953, 956 (5th Cir. 2009) (emphasis added). As discussed previously, Deluna is serving his state and federal sentences consecutively rather than concurrently. Consequently, the *Willis* exception does not apply to Deluna's case.

### C.  Whether Deluna is entitled to credit against his federal sentence

In light of the foregoing discussion, Deluna is not entitled to credit against his federal sentence for the time period between May 2, 2006, until October 4, 2007. Offenses committed after November 1, 1987, are governed by 18 U.S.C. § 3585(b), which provides in relevant part:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added). Accordingly, federal inmates may not "double count" time spent in pre-sentence custody against both their state and federal sentences. In this case, Deluna cannot receive credit against his federal sentence for the time period between May 2, 2006, until October 4, 2007, because the time was credited to his state sentence. Johnson Decl., ¶ 13. As such, Deluna's instant habeas petition under § 2241 should be dismissed.

### III.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Judge **DISMISS** with prejudice Raul Martinez Deluna's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1).

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of May, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE